IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MIRTA RIVERA-RODRIGUEZ**<br><br>PLAINTIFF<br><br>VS.<br><br>**L'OCCITANE, INC.;**<br>**INSURANCE COMPANY XYZ;**<br>**COMPANY ABC;**<br>**JOHN & JANE DOE.**<br><br>DEFENDANTS | CIVIL NO. 23-1036<br><br>DISCRIMINATION BASED ON AGE;<br>DISCRIMINATION BASED ON DISABILITY;<br>RETALIATION;<br>DAMAGES<br><br>TRIAL BY JURY DEMANDED |

**FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, Mirta Rivera-Rodríguez**, ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff works for L'Occitane, Inc. ("Defendant"). The Defendant discriminated and retaliated against the Plaintiff because the Plaintiff requested a reasonable accommodation from the Defendant but was instead subjected to adverse actions which affected the Plaintiff's employment with the Defendant.

2. Such actions constitute a disparate treatment by the Defendants based on discrimination based on age, discrimination based on disability and retaliation, causing damages to the Plaintiff.

3. Plaintiff files this civil action against the Defendant based on the following: Discrimination based on Age pursuant to Puerto Rico's Law No. 100 of June 30, 1959 ("Law

100"), 29 LPRA sec. 146 *et seq*., and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); Discrimination based on Disability pursuant to Puerto Rico's Law No. 44 of July 2, 1985 ("Law 44"), 1 LPRA sec. 501 *et seq*.; Retaliation pursuant to Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 LPRA sec. 194 et seq. and Section 16 of Article II of the PR Constitution; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendant's retaliatory and discriminatory employment adverse actions against the Plaintiff, based on her discrimination and retaliation claims. In addition, Plaintiff seeks other specific remedies that restore her to the position that she would have held in the absence of the retaliation and discrimination.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1332 since the matter of this civil action exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 1 and 16 of Article II of the PR Constitution, Law 100, Law 115, Law 44, and Tort Damages pursuant to the PRCC.

7. At the time Plaintiff commenced this civil action, and at all times since, Plaintiff is a citizen of Puerto Rico.

8. At the time Plaintiff commenced this civil action, and at all times since, Defendant's state of incorporation is New York.

9. At the time Plaintiff commenced this civil action, and at all times since, Defendant's principal place of business is New York.

10. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

11. Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

12. Plaintiff, Mirta Rivera-Rodriguez ("Plaintiff") is of legal age and resident of Bayamón, Puerto Rico. Plaintiff's address is the following: Urb. Jardines De Caparra, U-19 St. 27, Bayamón, PR 00959. Plaintiff's telephone number is 787-329-9600. Plaintiff's electronic mail address is riveramirtairis@gmail.com.

13. Defendant, L'Occitane, Inc. ("Defendant") is a foreign company organized under the laws of New York and is duly authorized to do business in the Commonwealth of Puerto Rico. Its principal place of business is 111 West 33rd St., 20th Floor, New York, NY 10120. Its resident agent is Fast Solutions, LLC with the address of Citi Tower, 252 Ponce de Leon Ave. Floor 20, San Juan, PR 00918. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in

3

favor of the Defendant, specifically to cover said discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

15. Co-Defendant, Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendant, that directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

16. Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendant, who directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

**THE FACTS**

17. The Plaintiff is 62 years old.

18. Presently, the Plaintiff is suffering from a disability.

19. Presently, the Plaintiff suffers from a disability that affects her major life activity with regards to her knees, in that the Plaintiff has issues standing up for prolonged periods of time and requires an accommodation to avoid bending down and requiring to rest her legs for 15-20 minutes every two to three hours.

20. The Plaintiff began to work for the Defendant on August 9th, 2008.

21. The Plaintiff began to work as a nonexempt regular employee.

22. The Plaintiff works for the Defendant's store at Plaza Las Americas.

23. The Plaintiff's job position with the Defendant is Beauty Advisor.

24. The Plaintiff's position identification number is J24108206, and her associate identification number is SM5DRKN6I BA-Beauty Advisor.

25. The Plaintiff's salary rate is $14.60 per hour.

26. The Plaintiff requested a reasonable accommodation to the Defendant due to her knee condition.

27. The Plaintiff requested the reasonable accommodation to her prior Supervisor, Maricarmen Sanfeliz.

28. The Plaintiff was subjected to surgery on her knees.

29. The reasonable accommodation requested by the Plaintiff was to avoid bending down and to allow the Plaintiff to sit down and rest her legs for 15-20 minutes every two to three hours.

30. Initially, the Defendant granted the Plaintiff a reasonable accommodation by avoiding not assigning the Plaintiff to work on Tuesdays because the merchandise would be received by the Defendant's store which would require bending down to retrieve the merchandise.

31. Around February of 2022, the Defendant changed the Plaintiff's supervisor.

32. The Defendant assigned Mrs. Nancy Soto ("New Supervisor") to supervise the Plaintiff directly.

33. The New Supervisor imposed on the Plaintiff certain requirements that violated her previously authorized reasonable accommodation. Specifically, the New Supervisor ordered the Plaintiff to participate in certain activities at night that ignored the reasonable accommodations because the Plaintiff had to bend down to pick up objects, to close store doors and other similar activities that would ignore the Plaintiff's reasonable accommodations.

34. The New Supervisor ordered the Plaintiff to work in violation of the prior reasonable accommodations. Specifically, the New Supervisor ordered the Plaintiff to work in violation of the prior reasonable accommodations on February 17, April 7, April 14, April 18, April 25, May 2, May 9, May 23, May 30 and June 6, 2022.

35. During these days, the Defendant failed to honor the reasonable accommodations previously granted to the Plaintiff.

36. During this time, the Plaintiff complained to the New Supervisor that she was violating her reasonable accommodations.

37. During this time, the Plaintiff began to suffer intense pains around her knees because she was forced to close store doors, which required Plaintiff to bend down and lock the key at the level of the floor.

38. During this time, the Plaintiff began to suffer panic and anxiety attacks and called the New Supervisor to complain about her pain and the situation that was a violation of her reasonable accommodation.

39. Based on the Plaintiff's complaints to the New Supervisor, the Defendant instructed the Plaintiff to engage in an interactive process by submitting a medical certificate for the reasonable accommodation.

40. Throughout the months of April and May of 2023, the Plaintiff exchanged medical certificate and communications with Mrs. Pamela Rosa ("HR Official") during the interactive process to request the reasonable accommodations yet again.

41. Throughout the months of April and May of 2023, the HR Official told the Plaintiff that her request for reasonable accommodations was being evaluated.

42. On August 18th, 2022, the HR Official verbally told the Plaintiff that her request for reasonable accommodation was still being evaluated and reviewed, and the Defendant was requesting additional documents to support her reasonable accommodation request.

43. Surprisingly, on that same date of August 18th, 2022, the New Supervisor told the Plaintiff that her reasonable accommodation request was not going to be granted.

44. The Defendant notified the Plaintiff via letter the following: 1) the Defendant was denying Plaintiff's reasonable accommodation request, and 2) the Defendant was demoting the Plaintiff from full-time position to part-time position by reducing Plaintiff's work hours and thus decreasing Plaintiff's salary.

45. The Plaintiff's work hours were reduced to approximately thirty (30) hours.

46. Afterwards, on September 7th, 2022, the New Supervisor gave a false fabricated admonishment to the Plaintiff.

47. On September 14th, 2022, the Plaintiff submitted a new request for reasonable accommodation.

48. On September 20th, 2022, the Defendant sent the Plaintiff a letter informing the Plaintiff that her work hours will be reduced even more.

49. The Plaintiff's work hours were further reduced to approximately twenty (20) hours.

50. Instead of collaborating with the interactive process of the reasonable accommodation request, the Defendant continued to take adverse actions against the Plaintiff by denying her reasonable accommodations request, demoting Plaintiff to part-time worker and reducing Plaintiff's work hours and benefits.

51. Any overtime hours worked by the Plaintiff in excess of twenty (20) hours were ignored by the Defendant in violation of fair payment and the laws prohibiting alteration of payroll and attendance records.

52. Along with the demotion letter and reduction of hours and salary, the Defendant also informed the Plaintiff that her medical benefits were also stripped from her because she was no longer a full-time employee.

53. On September 20th, 2022, the Defendant gave the Plaintiff a new work schedule of maximum twenty (20) hours weekly, instead of the forty (40) hours weekly she enjoyed as a full-time employee with the Defendant for more than ten (10) years.

54. The plaintiff's health conditions are severe osteoarthritis in both of her knees, hypothyroidism, hypertensive heart disease without failures; (chronic) (peripheral) venous insufficiency; prediabetes; vitamin D deficiency; recurrent, moderate major depressive disorder; generalized anxiety disorder; panic disorder [episodic paroxysmal anxiety].

55. The Plaintiff was subjected to a total knee surgery replacement and is currently in the process of recuperating from the same.

56. The demotion from full time employee to part time employee, the reduction in work hours from forty (40) hours to twenty (20) hours and the elimination of medical benefits were discriminatory and retaliatory actions taken by the Defendant against the Plaintiff, because the Plaintiff had requested reasonable accommodations and complained to the Defendant for their violation of prior reasonable accommodations.

57. The Defendant's adverse actions against the Plaintiff are not justified and the Defendant's reasons are pretextual in order to conceal the real reasons: to create a hostile working

environment against the Plaintiff which is aimed at forcing the Plaintiff to resign from her job, which she has held for approximately fourteen (14) years.

58. The Plaintiff was discriminated based on her age, discriminated based on her disability and retaliated because she lodged complaints to the Defendant.

59. The Plaintiff's injuries were caused by the discriminatory and retaliatory actions taken by the Defendant.

60. The Defendant's actions constitute an illegal action against the Plaintiff because they 1) demoted the Plaintiff, 2) reduced her work hours, 3) eliminated medical benefits, and 4) denied her reasonable accommodations.

61. The Defendant's adverse actions are in violation of anti-discrimination and anti-retaliation under state laws.

62. Company ABC was the parent company or an affiliated company of the Defendant. Company ABC had knowledge of Defendant's discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the Defendant. Company ABC allowed the Defendant to discriminate against the Plaintiff, based on false pretextual grounds.

63. John & Jane Doe had knowledge of Defendant's discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the Defendant. John & Jane Doe allowed the Defendant to discriminate against the Plaintiff, based on false pretextual grounds.

64. At the time of these discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the discriminatory incidents.

65. Because of these illegal adverse actions, the Plaintiff has suffered economic damages due to the deprivation of her compensation and benefits.

66. Because of these illegal adverse actions, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation of her professional reputation. Plaintiff has been at loss of her peace of mind and emotional stability.

## FIRST CAUSES OF ACTION

## DISCRIMINATION BASED ON AGE AND DISABILITY

67. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

68. Defendant's discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's age and disability.

69. At the moment that the Defendant's incurred in the discriminatory conduct, the Plaintiff was performing her job well enough to meet the Defendant's legitimate expectations.

70. Defendant's conduct against the Plaintiff constitutes discrimination based on age and disability pursuant to Law 100, Law 44 and Section 1 of the Article II of the PR Constitution.

71. As a proximate result of Defendant's discriminatory practice, Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

72. As a result of Defendant's discriminatory practices, Plaintiff lost the compensation and benefits she was entitled to.

73. Defendant is liable to Plaintiff for the back pay and front pay she was entitled had she maintained her position pursuant to Law 100 and Law 44.

74. Plaintiff's compensation and benefits that were lost were approximately half of her annual salary of thirty thousand three sixty-eight dollars ($30,368.00), plus benefits.

75. Defendant is liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

76. Under Law 100 and Law 44, Defendant is liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiff's rights.

77. The adverse actions taken against the Plaintiff was the culmination of Defendant's discriminatory practice against the Plaintiff because of her age and disability.

78. Defendant is liable to Plaintiff under this cause of action, pursuant to Law 100, Law 44 and the PR Constitution, in excess of three hundred and three thousand six hundred eighty dollars ($303,680.00).

79. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against her.

80. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than three hundred and three thousand six hundred eighty dollars ($303,680.00), which times two equals six hundred seven thousand three hundred sixty dollars ($607,360.00).

**SECOND CAUSE OF ACTION**

## RETALIATION

81. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

82. Defendant's retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in a protected activity.

83. Specifically, Plaintiff engaged in a protected activity by exercising her right to complain and oppose to the discriminatory hostile work environment against her.

84. Defendant took a materially adverse action against the Plaintiff, because the Plaintiff participated in a protected activity.

85. Defendant's adverse actions are causally connected with the Plaintiff's participation in a protected activity.

86. The Plaintiff's participation in protected activity was the direct cause of Defendant's adverse action of terminating the Plaintiff, thus constituting an unlawful retaliation.

87. Defendant's conduct against the Plaintiff constitutes an unlawful retaliation pursuant to Law 115 and Section 16 of Article II of the PR Constitution.

88. As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

89. As a result of Defendants' unlawful retaliation, Plaintiff lost the salary she was entitled to.

90. Defendant is liable to Plaintiff for the back pay she was entitled had she maintained her position pursuant to Law 115.

91. Plaintiff's compensation and benefits that were lost were approximately half of her annual salary of thirty thousand three sixty-eight dollars ($30,368.00), plus benefits.

92. Defendant is liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

93. An adequate remedy under Law 115, Defendant is liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiff's rights.

94. Defendant is liable to Plaintiff under this cause of action, pursuant to Law 115 and the PR Constitution, in excess of three hundred and three thousand six hundred eighty dollars ($303,680.00).

95. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against her.

96. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than three hundred and three thousand six hundred eighty dollars ($303,680.00), which times two equals six hundred seven thousand three hundred sixty dollars ($607,360.00).

### THIRD CAUSE OF ACTION

### TORTS DAMAGES

97. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

98. Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

99. Defendants are liable to Plaintiff pursuant to the PRCC.

100. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

101. John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

102. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

103. Company ABC is liable to Plaintiff pursuant to the PRCC.

104. The Supervisor's actions as officer and/or employee of the Defendants constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

105. Therefore, Defendants are vicariously liable for damages caused by their officers and/or employees in their service pursuant to the PRCC.

106. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

107. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

108. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

109. As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FOURTH CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

110. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

111. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-Defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## FIFTH CAUSE OF ACTION

### ATTORNEYS FEES AND PREJUDGMENT INTEREST

112. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

113. Defendants are liable to Plaintiffs for attorney's fees and costs pursuant to Law 100, Law 44 and Law 115.

114. Defendants are liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

115. Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Age pursuant to Law 100, 29 LPRA sec. 146 *et seq*., and Section 1 of Article II of the PR Constitution; Discrimination based on Disability pursuant to Law 44, 1 LPRA sec. 501 *et seq*.; Retaliation pursuant to Law 115, 29 LPRA sec. 194 et seq. and Section 16 of Article II of the PR Constitution; and Tort Damages pursuant to the PRCC".

2. An order directing Defendants to reinstate Plaintiff to her former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of disability.

3. Awarding Plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of her salary, as it was awarded to other employees in her previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff severance pay pursuant to Law 80.

8. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico, on October 23rd, 2023.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Mobile: (787) 565-3477
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com
E-Mail: info.vrr@rcrtrblaw.com